**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

FRANK AWDISH, et al., )
)
Plaintiffs, ) CASE: 2:07-CV-12304
)
vs. )
)
THE GINN COMPANY, et al., )
)
Defendants. )

MORRIS, MANNING & MARTIN, LLP
Warren W. Wills, Jr., *application pending*
www@mmmlaw.com
John A. Lockett III,
jlockett@mmmlaw.com
Attorneys for Ginn Defendants
and Added Defendants
3343 Peachtree Road, N.E.
1600 Atlanta Financial Center
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (Fax)

MEKANI, OROW, MEKANI, SHALLAL
HAKIM & HINDO, P.C.
Joseph A. Shallal (P32488)
Attorneys for Plaintiffs
21711 W. 10 Mile Road, Suite 237
Southfield, Michigan 48075
(248) 223-9830
(248) 233-9832 (FAX)

DYKEMA GOSSETT PLLC
Kathryn J. Humphrey (P32351)
Attorneys for Ginn Defendants
and Added Defendants
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
(313) 568-6893 (Fax)
KHumphrey@dykema.com

WALTON & DONNELLY, P.C.
Jonathan T. Walton, Jr. (P32969)
David G. Michael (P68508)
Attorneys for Defendant SunTrust Bank
1550 Buhl Building
535 Griswold Street
Detroit, MI 48226
(313) 963-8989

THOMAS DeGROOD & WITENOFF, P.C.
Gregory I. Thomas (P32488)
Attorney for Defendant Cameron, Davis & Gonzalez
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450

**GINN DEFENDANTS' MOTION FOR SANCTIONS**

The Ginn Company, Ginn Real Estate Company, LLC, Ginn-La Wilderness Ltd., LLLP, Ginn-La Hammock Beach Ltd., LLLP, Ginn-La Orlando., LLLP, Ginn-La Pine Island Ltd.,

LLLP (the "Ginn Defendants"), pursuant to Fed. R. Civ. P. 11, file this motion for sanctions against all Plaintiffs, the law firm of Mekani, Orow, Mekani, Shallal Hakim & Hindo, P.C., and Joseph Shallal. The Ginn Defendants sought concurrence in accordance with Local Rule 7.1(a)(1) and Plaintiffs did not consent to the relief requested. Pursuant to Fed. R. Civ. P. 11(c)(1), the Ginn Defendants' counsel served, but did not file, this motion on Plaintiff's counsel.

Dated: September 25, 2007

/s/ John A. Lockett III
MORRIS, MANNING & MARTIN, LLP
Warren W. Wills, Jr. *Application Pending*
John A. Lockett, III
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
(404) 233-7000
Georgia Bar No. 767500
www@mmmlaw.com
jlockett@mmmlaw.com

DYKEMA GOSSETT PLLC
Kathryn J. Humphrey (P32351)
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
(313) 568-6893 (Fax)
KHumphrey@dykema.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

FRANK AWDISH ET AL,

Plaintiffs,

V.

THE GINN COMPANY,

Defendants.

Case: 2:07-cv-12304
Hon. Lawrence P. Zatkoff

**THE GINN DEFENDANTS' BRIEF IN SUPPORT OF THE MOTION FOR SANCTIONS**

**ISSUE PRESENTED**

1) Plaintiffs and their counsel filed a complaint which asserts claims and other legal contentions unwarranted by existing law and that makes allegations totally lacking evidentiary support. Accordingly, Plaintiffs and their counsel have violated Fed. R. Civ. P. 11 and should be sanctioned.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. Requirements Governing Pleading in Federal Court Generally:

Fed. R. Civ. P. 11

*Business Guides, Inc. v. Chromatic Comm. Enter.*, 498 U.S. 553, 111 S.Ct. 922, 112 L.Ed. 1140 (1991)

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997)

*Lindsey v. Jansante*, 806 F.Supp. 651 (E.D. Mich. 1992)

## SUMMARY

Plaintiffs are one hundred and twenty-seven (127) purchasers of real estate lots in Florida communities developed by the Ginn Company and its affiliates. Some of the Plaintiffs purchased lots from the Ginn Defendants. However, thirty-one (31) Plaintiffs did not purchase lots from any of the Ginn Defendants.[1] Rather, these Plaintiffs purchased lots from third parities who owned lots in Ginn developed communities.

As was described in *The Ginn Defendants' Motion to Dismiss*, each of Plaintiffs' claims against the Ginn Defendants fail as a matter of law. Plaintiffs' claims under the Interstate Land Sales Full Disclosure Act ("ILSA") fail because: (1) the disclosures Plaintiffs contend were not made in their respective Property Reports are not required to be made under the ILSA;[2] and (2) Plaintiffs have not plead, to any degree of particularity, the circumstances of the fraud they contend took place. Plaintiffs' securities claims fail because, as has been the law of the sixth circuit for almost thirty years, horizontal commonality is required before a financial arrangement can be considered a "security" and Plaintiffs cannot demonstrate horizontal commonality. Moreover, the Court of Appeals for the Sixth Circuit has specifically held that real estate lots purchased from a developer for investment purposes are *not* securities. Lastly, Plaintiffs have asserted a RICO claim based on securities fraud and mail fraud, having not purchased a single security and without identifying a single piece of mail (or its sender or recipient) that contained a misrepresentation, and without filing a RICO Case Statement.

---

[1] The Plaintiffs who did not purchase lots from the Ginn Defendants, but who purchased lots that were owned by third parties, are as follows: Laith Ayar; Raad Kashat; Hanna Kashat; Raid Ayar; Brian Yaldoo; Salaam Bakkal; Ramy Sesi; Imad Jonna; Jamilla Jonna; Kevin Jappaya; Shawn Jappaya; Andew Najor; Bassam Murrad; Amir Nafso; Sam Orow; Roger Denha; Robert Frankowiak; Frank Awdish; Fadi Hakim; Nancy Elia; Thomas Atto; Peter Thomas; Athir Nafso; Jimmy Rabban; Nabban Mekani; Julian Juddua; Albert Jonna. These 31 Plaintiffs do not even have standing to bring ILSA claims. This is yet another example of Plaintiffs' haphazard pleading.

[2] This claim is particularly unfounded as it is evident from simply reading the ILSA that the disclosures Plaintiffs complain of not having been made apply only to Statements of Record, not Property Reports.

In response to the *Ginn Defendants Motion to Dismiss*, Plaintiffs made arguments and advanced legal theories that were not part of either Plaintiffs' *Amended Complaint*. *See Plaintiffs' Response to the Ginn Defendants' Motion to Dismiss* ("Plaintiffs' Brief"), at 6 (alleging that Ginn Defendants failed to execute a Property Report receipt and that there is no date appearing on such receipts).[3] Moreover, not once in Plaintiffs' Brief did Plaintiffs' make a good faith argument for the extension, modification or reversal of existing law. Accordingly, Plaintiffs and their counsel have violated Fed. R. Civ. P. 11 by filing a complaint that contains unwarranted legal contentions and that is totally lacking in evidentiary support. As such, the Ginn Defendants respectfully request this Court to sanction Plaintiffs and their counsel.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

Fed. R. Civ. P. 11(b) provides that by filing a pleading, the submitting attorney is certifying that to the best of the person's knowledge, information or belief, formed after an inquiry reasonable under the circumstances:

> (1) the pleading is not being presented for any improper purpose, such as to harass or cause unnecessary delays or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

*See* Fed. R. Civ. P. 11(b).

If the court determines that Rule 11(b) has been violated, the Court may impose sanctions on the attorneys, law firm, or parties that are responsible for the violation. *See* Fed. R. Civ. P. 11(c).

[3] It should be noted that neither of these allegations, even if true, give rise to a private right of action under ILSA. This is just an example of Plaintiffs' counsel grasping at straws in an attempt to salvage a frivolous complaint.

Rule 11 ensures that a party's signature on a pleading certifies that the party has read the pleading and that to the best of the party's knowledge, the document is well grounded in fact and warranted by existing case law. *See Lindsey v. Jansante,* 806 F. Supp. 651, 655 (E.D. Mich. 1992) (Zatkoff, J.). Rule 11 imposes on a party who signs a pleading an affirmative duty to make a reasonable inquiry into the facts and law before filing. *See Business Guides, Inc. v. Chromatic Comm. Enter*., 498 U.S. 533, 543, 111 S.Ct. 922, 112 L.Ed. 1140 (1991). In the Sixth Circuit, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). Rule 11 applies to parties as well as their attorneys. *See Business Guides*, 498 U.S. at 548.

**B. Plaintiffs' ILSA Claims Fail Because Plaintiffs Misunderstand the Act's Requirements and Because Plaintiffs Do Not Specify Their Fraud Allegations.**

*1. Plaintiffs misunderstand ILSA's disclosure requirements*

Plaintiffs have filed a claim under ILSA without fully understanding that statute's requirements. Plaintiffs allege that their Property Reports omitted four matters of information that they contend were required by law to be in the Property Report:

(1) "the Property Reports did not list the addresses of any lien holders on the property";

(2) "the Property Reports did not contain a legal description of the property";

(3) "the Property Reports did not contain a map of the property"; and

(4) "the Property Reports did not contain the range of prices for the property units".

[*Amended Complaint*, ¶ 175].

Plaintiffs confuse the required disclosures for "Property Reports" with the required disclosures for "Statements of Record." The ILSA makes two separate and distinct requirements with respect to the sale of land subject to the act. One is a filing with the Department of Housing and Urban Development ("HUD") denominated a "Statement of Record." Separately, a "Property Report" is to be given to purchasers. The four Property Report "omissions" cited by Plaintiffs are all taken from 15 U.S.C. § 1705 which lists the information required in a Statement of Record. *See* 15 U.S.C. § 1705(2) (legal description and map); 15 U.S.C. § 1705(4) (range of selling prices); 15 U.S.C. § 1705(6) (information related to encumbrances). However, it is 15 U.S.C. § 1707(a) which establishes the content requirements for a Property Report. That statute provides as follows:

> A property report relating to the lots in a subdivision shall contain *such of the information* contained in the statement of record, and any amendments thereto, *as the Secretary may deem necessary,* but need not include the documents referred to in paragraphs (7) through (11), inclusive, of section 1705. A property report shall also contain such other information as the Secretary may by rules or regulations require as being necessary or appropriate in the public interest for the protection of purchasers.

15 U.S.C. § 1707(a) (emphasis added). Section 1707(a) delegates to the HUD Secretary the authority to determine what disclosures are to be made in a Property Report. These requirements are found in regulations promulgated by the Secretary. 24 C.F.R. § 1710.100-1710.118. Nowhere in these regulations is the information cited by Plaintiffs required to be included. Plaintiffs and their counsel should have known this before they filed their complaint. Plaintiffs' counsel *would* have known this had they conducted the slightest bit of research into the ISLA. Accordingly, Plaintiffs and their counsel should be sanctioned for filing this frivolous claim.

2. *Plaintiffs' fraud allegations are false, reckless and lack particularity*

Even more egregious than Plaintiffs' filing of an ILSA non-disclosure claim without understanding the statute's disclosure requirements, Plaintiffs have asserted an ILSA fraud claim based on false and reckless allegations. Plaintiffs claim that the lots they purchased had "no value" and that they were victims of a "Ponzi Scheme". These allegations are brazenly false. The Ginn Defendants developed, and the Plaintiffs purchased, some of the most valuable real estate in Florida. The allegation that the lots were worthless is absurd. Furthermore, these Plaintiffs received exactly what they paid for -- fee simple title to land. The fact that Plaintiffs claim to be investors who leveraged themselves into "hot" market and ran into a "cool" market does not make Plaintiffs the victim of a Ponzi Scheme. This argument is entirely frivolous.

With respect to any other fraud claims alleged by Plaintiffs, they fail for lack of particularity. Rule 9(b) requires a plaintiff asserting a fraud claim to allege, *at a minimum*: (1) the time of the alleged misrepresentation; (2) the place of the misrepresentation; (3) the content of the misrepresentation; (4) the fraudulent scheme; (5) the fraudulent intent of the defendants; and (6) the injury resulting from the fraud. *See Coffey v. Foamex, LP*, 2 F.3d 157, 161-62 (6th Cir. 1993); *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988).[4] Plaintiffs have not (and cannot) alleged any of these facts because there is no evidentiary support for Plaintiffs' allegations. Plaintiffs, and their counsel, are aware of the lack of evidentiary support for their claims and attempt to disguise their lack of evidence through vague pleading. As such, Plaintiffs and their counsel have violated Rule 11 and should be sanctioned.

---

[4] As the clear language of Rule 9(b) indicates, the heightened pleading requirement applies to *all* averments involving fraud made in federal court (including ISLA claims), not solely to claims of common law fraud. *See Rombach v. Chang,* 355 F.3d 164, 171 (2nd Cir. 2004) (applying 9(b)'s pleading requirement to claim of securities fraud); *Sanderson v. HCA-The Healthcare Co.*, 477 F.3d 873, 877 (6th Cir. 2005) (applying Rule 9(b) to False Claim Act claim alleging fraud); *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) (applying 9(b) to RICO claim alleging predicate crime involving fraud).

### C. Plaintiffs Have Not Purchased Securities

Plaintiffs allege that their respective contracts for the purchase of lots are "investment contracts" within the meaning of Securities and Exchange Act of 1934. *See* Amended Complaint, ¶ 191-92. Based on these allegations, Plaintiffs assert three securities claims: (1) Count III: selling unregistered securities in violation of 15 U.S.C. § 78(e); (2) Count IV: false representations under the Securities Exchange Act of 1934; and (3) Count V: "Ponzi Scheme" in violation of Section 10(b)-5 of the Securities Exchange Act. For nearly thirty-years, the Sixth Circuit has required a showing of horizontal commonality among investors before investments can be considered securities. *See Union Planters Nat. Bank of Memphis v. Commercial Credit Business Loans, Inc.*, 651 F.2d 1174,1183 (6th Cir. 1981); *Curran v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 622 F.2d 216, 222 (6th Cir. 1980), *aff'd on other grounds*, 456 U.S. 353, 72 L. Ed. 182, 102 S. Ct. 1825 (1982); *Deckback v. La Vida Charters, Inc.*, 867 F.2d 278, 283 (6th Cir. 1989). Plaintiffs have made no such showing. In a case directly on point, the Sixth Circuit has specifically held that the purchase of real estate lots for investment purposes from a developer are not securities. *See Hart v. Pulte Homes of Michigan Corp.*, 735 F.2d 1001 (6th Cir. 1984) (holding that real estate lots purchased as investments from a developer were not securities due to lack of horizontal commonality). Had Plaintiffs' counsel bothered to research the law of this circuit prior to filing suit, they would have discovered that Plaintiffs' claim for securities fraud fails because *Plaintiffs have not purchased securities*. Accordingly, Plaintiffs and their counsel have violated Rule 11 and should be sanctioned.

### D. Plaintiffs' RICO Claim Does Not Comply with Fed. R. Civ. P. 9(b)

A plaintiff alleging RICO predicate crimes involving fraud must meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). *See Advocacy Org. for Patients and Providers v.*

*Auto Club Inc. Assoc.*, 176 F.3d 315, 322 (6th Cir. 1999) (affirming trial court's dismissal of plaintiff's RICO claim for failure to plead predicate crimes of wire fraud and mail fraud with particularity as required under Fed. R. Civ. P. 9(b)). "Rule 9(b) is especially important in a RICO case where a defendant is charged with fraudulent conduct based on criminal activity and threatened with treble damages." *DeLorean v. Cork Gully*, 118 B.R. 932, 940 (E.D. Mich. 1990) (Zatkoff, J.); *see also Chartrand v. Chrysler Corp.*, 785 F.Supp. 666, 669 (E.D. Mich. 1992) (Zatkoff, J.) (a RICO claim based on fraud must comply with Fed. R. Civ. P. 9(b)). The Sixth Circuit requires a RICO plaintiff to allege, at a minimum, "the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *See Advocacy Organization,* 176 F.3d at 322.

Plaintiffs' RICO claim fails because, despite alleging the predicate crimes of securities fraud and mail fraud: (1) Plaintiffs have not purchased a security; and (2) Plaintiffs have not identified a single piece of mail that contained a fraudulent allegation, the sender of any such mail, or its recipient. Plaintiffs have also failed to specify two predicate act crimes, as required under RICO. *See Vemco, Inc. v. Camardella*, 23 F.3d 129, 133 (6th Cir. 1994) (to prove a pattern of racketeering activity so as to come within the RICO statute a plaintiff must establish two predicate acts of racketeering have taken place). Plaintiffs have also failed to file a RICO case statement as required by this Court. Had Plaintiffs' counsel conducted any research into the applicable pleading requirements for RICO claims in the Sixth Circuit prior to filing this lawsuit, Plaintiffs' counsel would have seen that there was no evidentiary support for a RICO claim. Undeterred, Plaintiffs' counsel filed the claim anyway. Accordingly, Plaintiffs and their counsel have violated Rule 11 and should be sanctioned.

### E. Plaintiffs Have Made Numerous Baseless and Incendiary Allegations

Aside from the legal infirmities in the Amended Complaint, Plaintiffs also make numerous sensational, and completely false, allegations regarding Defendants. A few of these allegations are set out below:

- That Ginn Real Estate Company was set up "for the exclusive purpose" of selling lots without complying the ISLA's disclosure requirements. *See* Amended Complaint, ¶ 132.
- The home owners' associations and golf clubs are "another method" by which Ginn obtains money from unsuspecting purchasers. *See id*, ¶ 138.
- Ginn developed a "multiple-tiered pyramid marketing scheme." *See id*, ¶ 151.
- Plaintiffs accuse Ginn of running a Ponzi Scheme. *See* Amended Complaint, ¶ 154. Again, Plaintiffs employ hyperbole and buzz words in the absence of substantive allegations.[5]
- Ginn's President, Edward "Bobby" Ginn, is a member of the board of directors of co-defendant Suntrust Bank. *See* id, ¶ 161. This is a total fabrication. Bobby Ginn is not now, nor has he ever been, a member of the board of directors of Suntrust Bank.

These totally baseless factual allegations, coupled with the assertion of claims for which there is no legal support, as well as Plaintiffs' attempt to join the home owners' association and golf clubs as defendants to this action so as to get out of paying their respective dues and

---

[5] For an explanation of why the facts alleged by Plaintiffs, even if true, do not constitute a Ponzi Scheme, see *The Ginn Defendants' Motion to Dismiss*, n. 6.

assessments, are all proof that Plaintiffs, and their counsel, brought this complaint in bad faith. As such, Plaintiffs have violated Fed. R. Civ. P. 11 and should be sanctioned.

**CONCLUSION**

For all of the foregoing reasons, this Court should GRANT Defendants' motion and award sanctions against Plaintiffs, Mekani, Orow, Mekani, Shalall Hakim & Hindo, P.C., and Joseph Shallal.

Dated: September 25, 2007

Respectfully submitted,

/s/ John A. Lockett III
MORRIS, MANNING & MARTIN, LLP
Warren W. Wills, Jr. *Application Pending*
John A. Lockett, III *Application Pending*
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
(404) 233-7000
Georgia Bar No. 767500
www@mmmlaw.com
jlockett@mmmlaw.com

DYKEMA GOSSETT PLLC
Kathryn J. Humphrey (P32351)
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
(313) 568-6893 (Fax)
KHumphrey@dykema.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FRANK AWDISH ET AL,

Plaintiffs,

V.

THE GINN COMPANY,

Defendants.

Case: 2:07-cv-12304
Hon. Lawrence P. Zatkoff

## CERTIFICATE OF SERVICE

I, John A. Lockett III, hereby certify that on September 25, 2007, I caused to be electronically filed with the Eastern District of Michigan's ECF The Ginn Defendants' Motion for Sanctions, which will send electronic notice to Joseph Shallal, Jonathan Walton, and Gregory Thomas.

/s/ John A. Lockett III
John A. Lockett III