UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**STEVEN A. BAND,**

Plaintiff,

v.                                    CASE NO. **3:09-cv-792-J-25TEM**

**THE GINN COMPANIES, LLC,**
**GINN DEVELOPMENT COMPANY, LLC,**
**GINN REAL ESTATE COMPANY, LLC,**
**SUNTRUST MORTGAGE, INC., and**
**CAMERON, DAVIS & GONZALEZ,**

Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant Ginn Development

Company, LLC and Ginn Real Estate Company, LLC's Motion to Dismiss

Plaintiff's Amended Complaint (Dkt. 102). Plaintiff has filed an Opposition to

the Motion (Dkt. 113). Upon review of the pleadings in this case, the Court

finds as follows:

**Background**

On September 4, 2009, Plaintiff, a Michigan resident, filed an

Amended Complaint (Dkt. 85) raising numerous allegations arising from the

purchase of Lot 113 in the Hammock Beach Development located in

Flagler County, Florida. Plaintiff has included Ginn Development Company,

LLC and Ginn Real Estate Company, LLC as Defendants because of their alleged involvement in the sale of Lot 113.[1] Plaintiff contends that the Ginn Defendants were parties in "a scheme to create a frenzied demand through a standardized marketing approach that falsely touted the high value and high demand for the property in the [Hammock Beach Development]."

The Ginn Defendants contend that, for numerous reasons, Plaintiff's Amended Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). In addition, the Ginn Defendants allege that Plaintiff's allegations of fraud are not pled with sufficient specificity to satisfy the requirements of Fed. R. Civ. P. 9(b).

**Standard**

### I. Motion to Dismiss

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Once a claim has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). While a court must consider the allegations contained in the Plaintiff's complaint as true, such

---

[1] This Order will refer to Defendant Ginn Development Company, LLC and Ginn Real Estate Company, LLC as the "Ginn Defendants."

tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. ___,
129 S.Ct. 1937, 1949 (2009). Plaintiff's claim has "facial plausibility when
the pleaded factual content allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Id.*

The complaint's allegations must include "more than an unadorned,
the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals
of the elements of a cause of action, supported by mere conclusory
statements, do not suffice." *Id.*  Thus, when considering motions to dismiss,
the Court must "1) eliminate any allegations in the complaint that are
merely legal conclusions; and 2) where there are well-pleaded factual
allegations, 'assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna
Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*citing Iqbal*, 129 S.Ct. at
1950).

### II. Fraud or Mistake

In addition to the minimal pleading requirements of Fed. R. Civ. P.
12(b)(6), Plaintiff's claims of fraud or mistake must also satisfy Fed. R. Civ.
P. 9(b). The rule provides that "[i]n alleging fraud or mistake, a party must
state with particularity the circumstances constituting fraud or mistake.

3

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

This rule of particularity "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (Internal citations omitted).[1] However, the application of Rule 9(b) "must not abrogate the concept of notice pleading." *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988). Thus, Rule 9(b) will be satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Nonetheless, "Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind when the allegedly fraudulent

---

[1] Many internal citations within this Order will be omitted.

statements were made[,]" and thus, "it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

**Analysis**

Plaintiff's Amended Complaint asserts eleven[2] Counts, with ten of the Counts against the Ginn Defendants. Specifically as to the Ginn Defendants, Plaintiff's Amended Complaint alleges:  violation of the Interstate Land Sales Act (ILSA), 15 U.S.C. § 1701 *et seq.* (Count one); violation of the Securities and Exchange Rules Registration, Reporting and Disclosure Requirement (Exchange Rules Registration), 15 U.S.C. § 78(e) (Count two); false representation under the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78u-4(b)(1) (Count three); violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78(j), and Rule 10b-5, promulgated under 17 C.F.R. 240.10b-5 (Rule 10b-5 Violations) (Count four); violation of Florida state securities laws (Count five); fraudulent

---

[2]The last Count of the Amended Complaint is entitled "Count XII," but the Amended Complaint does not have a Count VI. Thus, Plaintiff actually only asserts eleven Counts within its Amended Complaint. To keep confusion to a minimum, the Court will keep the allegations numbered in the same manner as they are numbered in the Amended Complaint.

misrepresentation (Count seven); innocent misrepresentation (Count eight);

violation of the Racketeer Influenced and Corrupt Organizations (RICO)

Act, 18 U.S.C. 1961 *et seq.* (Count nine); violation of the Florida Deceptive

and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

(Count ten); and unjust enrichment (Count twelve). The Court re-orders and

addresses the various Counts below.

### I. Law of the Case Doctrine

This case began as a single consolidated, multi-plaintiff, multi-

defendant suit in the United States District Court, Eastern District of

Michigan. Before being transferred to this Court, the Plaintiffs' original

complaint included various state-law claims, including violation of state

securities laws, fraudulent misrepresentation, and innocent

misrepresentation. The Honorable Lawrence P. Zatkoff, the Michigan

District Judge originally assigned to the case, declined to exercise

supplemental jurisdiction over the state-law claims in this matter, finding

that "the contemporaneous presentation of Plaintiffs' parallel state claims

for relief will result in the undue confusion of the jury." (Dkt. 102-2).

On the basis of Judge Zatkoff's Order, the Ginn Defendants argue that this Court must dismiss Plaintiff's state-law claims in this case under the "law of the case" doctrine. The Court disagrees.

"Under the law of the case doctrine, an issue decided at one stage of the case is binding at later stages of the same case." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009). However, the law of the case doctrine only applies where there has been a final judgment. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991). "A court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court." *Id.* Therefore, "at the trial court level, the doctrine of the law of the case has been described as little more than a management practice to permit logical progression toward judgment." *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984).

In this case, Plaintiff's state-law claims "arise out of a common nucleus of operative fact" with Plaintiff's federal claims. *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Thus, the Court deems it appropriate to exercise supplemental jurisdiction in this case and does not find that the law of the case doctrine applies.

## II. ILSA (Count one)

Plaintiff alleges that the Ginn Defendants violated ILSA by not providing the Plaintiff with an adequate property report. The Ginn Defendants contend that Plaintiff's ILSA claim fails because ILSA does not require disclosure of the information allegedly omitted from the property report.

ILSA[3] is a comprehensive statute with an elaborate scheme of regulations. *See* 15 U.S.C. § 1701 *et seq.*; 24 C.F.R. § 1710 *et seq.* Utilizing "'disclosure as its primary tool' to discourage fraud[,]" the Act "is a consumer statute that 'was intended to curb abuses accompanying interstate land sales.'" *Stein v. Paradigm Mirasol, LLC*, 586 F.3d 849, 853 (11th Cir. 2009). Absent an exemption,[4] ILSA "requires developers selling or leasing property to provide the purchaser with a property report before the sales contract is signed. If the developer fails to provide a property report, the purchaser generally has the right to revoke the contract." *Id.* (citing 15 U.S.C. § 1703(a)(1)(B)).

---

[3] ILSA was recently amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010). The amendments to ILSA have not yet become effective. Accordingly, the Court cites to the pre-amended statute.
[4] *See* 15 U.S.C. § 1702.

Section 1703(a)(1)(B) specifies that the property report it requires must meet the requirements of 15 U.S.C. § 1707. Section 1707 provides that "[a] property report relating to the lots in a subdivision shall contain such of the information contained in the statement of record, and any amendments thereto, as the Secretary may deem necessary, but need not include the documents referred to in paragraphs (7) to (11), inclusive, of section 1705 of this title." 15 U.S.C. § 1707(a). Section 1707 directs that the property report must also contain "such other information as the Secretary may by rules or regulations require as being necessary or appropriate in the public interest or for the protection of purchasers." *Id.* The Secretary has promulgated other property report regulations and those requirements are outlined in 24 C.F.R. pt. 1710, subpart B.

The Court grants the Ginn Defendants' Motion in regards to Plaintiff's ILSA claim. In this case, Plaintiff alleges that the property report from the Ginn Defendants was deficient in the following ways: (a) it did not list the addresses of any of the lien holders; (b) it did not list the development's legal description; (c) a map of the property was not attached to the report; and (d) the range of prices for the units was not listed in the report nor was there a cost sheet attached.

The Ginn Defendants argue that none of these omitted items are required to be in the property report. The Court agrees that none of the items identified by the Plaintiff as omitted are required to be included in the property report. *See* 24 C.F.R. §§ 1710.100-118. The items the Plaintiff has listed as missing from the property report is actually information that must be contained in the statement of record. *See* 15 U.S.C. §§ 1705(1), 1705(2), 1705(4). The ILSA indicates that the requirements for a property report are not the same as those for the statement of record. *See* 15 U.S.C. § 1707. Thus, the Court will dismiss the Plaintiff's ILSA claim.

### III.    Securities Claims (Counts two through five)

Plaintiff asserts four securities claims against the Ginn Defendants. The Court will jointly address the following claims: selling unregistered securities (Count two); false representation under the Exchange Act (Count three); violation of Section 10b-5 of the Exchange Act (Count four); and the violation of state securities laws. The Ginn Defendants contend that Plaintiff's securities claims fail because Plaintiff's land sales transaction did not involve the sale of a "security."

To state a claim under the Exchange Act,[5] the Plaintiff must demonstrate that a "security" was involved in the transaction. *See Rice v. Branigar Org., Inc.*, 922 F.2d 788, 790 (11th Cir. 1991). For purposes of Rule 10b-5 and the Exchange Act, the definition of "security" includes an "investment contract." 15 U.S.C. § 75c(a)(10). Florida securities law is consistent with federal securities law. *See Parr v. Maesbury Homes, Inc.*, 2009 WL 5171770, at *5 (M.D. Fla. 2009).

An investment contract is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of a promoter or a third party." *S.E.C. v. W.J. Howey, Co.*, 328 U.S. 293, 298-99 (1946). To determine whether a particular scheme involves an investment contract, the Court is to look to "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *S.E.C. v. Edwards*, 540 U.S. 389, 393 (2004). In addition to looking at the motivations of the purchasers, the Court may also consider "emphasis

---

[5] The Exchange Act was also recently amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010). The amendments to the Exchange Act have not yet become effective. Accordingly, the Court cites to the pre-amended statute.

provided in the promotional material to determine whether the sale of something is a sale of 'securities' for the purpose of federal securities law." *Rice,* 922 F.2d at 790. Thus, to state a claim under federal or Florida securities law, Plaintiff must show that the undeveloped lot was an "investment contract." *Id.*

Generally, real estate transactions do not constitute investment contracts. *Alunni v. Development Res. Grp., LLC*, 2009 WL 2579319 (M.D. Fla. 2009). However, a real estate investment may constitute a security when the sale "is tied to a collateral rental or service agreement, when the purchase is motivated by economic inducements and expected profits, when the purchaser expects to participate in a profit-sharing or rental pooling arrangement upon completing the transaction, or when the transaction includes restrictions limiting the owner's control over the property." *S.E.C. v. Kirkland*, 521 F.Supp.2d 1281, 1289 (M.D. Fla. 2007). Security laws do not apply to transactions where the purchaser's primary desire is to use or consume. *Rice,* 922 F.2d at 790. In other words, "investments in land solely for the purpose of profits from appreciation on resale cannot be securities." *Gordon v. Terry*, 684 F.2d 736, 740 n. 4 (11th Cir. 1982).

Plaintiff alleges he purchased an undeveloped lot, the value of which was expected to increase not only because of property appreciation, but also because of the Ginn Defendants' marketing efforts. Plaintiff contends that the transaction was presented as an investment opportunity. For example, Plaintiff alleges he was told that "[he would] be out of it in six months." (Dkt. 85, Para. 17). Being promised large returns for his investment, Plaintiff asserts that he depended on the Ginn Defendants' marketing plan to quickly "flip" the Hammock Beach property and profit from the transaction.

"Congress' purpose in enacting the securities laws was to regulate *investments,* in whatever form they are made and by whatever name they are called." *Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990) (emphasis in original). The Court finds that Plaintiff has alleged sufficient factual material to allow a reasonable inference that Plaintiff's purchase of Lot 113 in the Hammock Beach Development was an "investment contract" and, therefore, a security under federal and Florida law. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1298 (11th Cir. 2007) ("We are at the pleading stage, not the proof stage."). Thus, the Court will deny the Ginn Defendants'

request to have the Plaintiff's securities claims dismissed on the grounds that Plaintiff has failed to adequately allege a "security."

### IV.    RICO (Count nine)

In Count nine of the Amended Complaint, Plaintiff sues "All Defendants" for violating the RICO Act under 18 U.S.C. 1962(c). The Ginn Defendants argue that the Plaintiff has failed to adequately plead a pattern of racketeering activity.

The essential components to any RICO claim are establishing a RICO enterprise and "a pattern of racketeering activity." *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1264 (11th Cir. 2004). To properly "allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature." *Id.* (emphasis in original). As defined by the statute, "predicate acts" include mail fraud and securities fraud. *See* 18 U.S.C. § 1961.

A RICO claim is essentially a type of fraud claim and "must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). To meet Rule 9(b)'s

heightened pleading standard, a RICO Plaintiff has to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id.* at 1316-17. A RICO Plaintiff may not simply "[lump] together all of the defendants in their allegations of fraud." *Id.* at 1317.

In this case, the Court finds that the Plaintiff did not sufficiently plead with particularity the RICO claims against the Ginn Defendants. The Plaintiff alleges that the Ginn Defendants violated the RICO Act by committing mail and security fraud. However, Plaintiff's Amended Complaint lumps together RICO allegations against "All Defendants." Plaintiff's allegations do not describe, with particularity, each Defendant's "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). The Plaintiff does not specifically identify the time and place of, or the person responsible for, the precise misrepresentation. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d at 1291. Thus, all of the RICO claims alleged in Count nine of Plaintiff's Amended Complaint must be dismissed

because the allegations do not meet the heightened pleading standards of Rule 9(b).

## V.    Unjust Enrichment (Count twelve)

In addition to the other claims, Plaintiff seeks to recover from "All Defendants" under an unjust enrichment theory. The Ginn Defendants argue that Plaintiff cannot succeed under an unjust enrichment claim for two reasons: (1) the Plaintiff has not alleged that he is without an adequate legal remedy and (2) the Plaintiff is resting the unjust enrichment claim on Defendant's wrongful conduct.

Under Florida law, "[t]he essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *United Technology Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009).

However, under Florida law, a claim for unjust enrichment is equitable in nature and not available when there is an adequate legal remedy. *See Bowleg v. Bowe*, 502 So.2d 71, 72 (Fla. 3d DCA 1987). Thus, to properly state an unjust enrichment claim, a party must allege that no adequate

16

legal remedy exists. *American Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F.Supp.2d 1170, 1178 (M.D. Fla. 2005).

Moreover, when a party's unjust enrichment claim is premised on the commission of a wrong, the party is seeking restitution for wrongful enrichment instead of unjust enrichment. *See Guyana Tel. & Tel. Co v. Melbourne Int'l Commc'ns*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). In addition, "a claim for unjust enrichment should be premised on circumstances under which it would be inequitable for the defendant to retain the benefit without paying for it. Liability in unjust enrichment has in principle nothing to do with fault." *Tilton v. Playboy Entm't Grp, Inc.*, 2007 WL 80858 *3 (M.D. Fla. 2007).

The Court finds that Plaintiff's unjust enrichment claim does not contain the necessary elements to survive a motion to dismiss. Plaintiff's Amended Complaint does not indicate what benefit was conferred upon the Ginn Defendants, the Ginn Defendants' appreciation of the alleged benefit, nor the Ginn Defendants acceptance and retention of the benefit. Plaintiff simply alleges that "the Defendants sold and/or financed properties within the Ginn Development to Plaintiff at an inflated price, and benefitted therefrom through the receipt of monies and fees that were unreasonably

high." Not only is Plaintiff's allegation deficient of the essential elements for an unjust enrichment claim in Florida, but the allegation is also based on wrongful enrichment instead of unjust enrichment.

Plaintiff's unjust enrichment claim is based on its "overpayment" pursuant to a purchase agreement. The Court recognizes that as a general rule, "[u]ntil an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." *Williams v. Bear Stearns*, 725 So.2d 397, 400 (Fla. 5th DCA 1998). However, the Plaintiff pleads that payment pursuant to an express contract is the unjust enrichment claim itself. Thus, the Court finds "that a claim for unjust enrichment is unavailable to [the Plaintiff] because of the existence of a legal remedy." *Kraft Co., Inc. v. J. & H Marsh & McLennan of Fla., Inc.*, 2006 WL 1876995, at *3 (M.D. Fla. July 5, 2006).

## VI.   Fraud Claims (Counts seven, eight, and ten)

Finally, the Court jointly addresses Plaintiff's state-law fraud-based claims: fraudulent misrepresentation (Count seven), innocent misrepresentation (Count eight), and Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count ten). These claims are governed by Rule

9(b)'s heightened pleading requirements. *See Am. Dental Ass'n*, 603 F.3d at 1291.

Under Florida law, relief for fraudulent misrepresentation may only be granted when the claim consists of: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce[d] another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." *Johnson v. Davis*, 280 So.2d 625, 627 (Fla. 1985).

Plaintiff alleges that the Ginn Defendants intentionally made false representations of material facts in regards to Lot 113. The Ginn Defendants contend that Plaintiff's allegation is expressly contradicted by at least two provisions in Plaintiff's land sale contract for Lot 113, and thus, a claim of fraudulent misrepresentation fails as a matter of law.

Plaintiff alleges the Ginn Defendants made representations in connection with a contract between the parties and that Plaintiff would not have entered into the contract to purchase Lot 113 if the Ginn Defendants had not made such representations. The Ginn Defendants contend that Plaintiff's alleged reliance is contradicted by the land sale contract for Lot 113.

Although innocent misrepresentation by a party may constitute sufficient grounds for contract rescission, *see Held v. Trafford Realty Co.*, 414 So.2d 631, 632-33 (Fla. 5th DCA 1982), Plaintiff seeks damages for the alleged innocent misrepresentation. The Court is unaware of any such cause of action under Florida or federal law.[6] The Ginn Defendants suggest that the Plaintiff intended to state a claim for negligent misrepresentation, which is a cause of action under Florida law. The Court will analyze the allegation under Florida law because Plaintiff contends that the allegations in the Amended Complaint, "clearly plead a cause of action for fraud under Florida law."

Under Florida law, negligent misrepresentation is similar to fraudulent misrepresentation and requires the showing of four elements:

> (1) There was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

---

[6] *See Mich. Paytel, Inc. v. Voiceware Sys., Inc.*, 2007 WL 3283172 ("Under Michigan law, a seller can be liable for constructive fraud based an innocent misrepresentation. . . . Florida law does not appear to have this cause of action.").

*Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 747 (11th Cir. 2010). Thus, "[t]he elements of a fraudulent misrepresentation claim are essentially the same as those for negligent misrepresentation, except that, instead of proving that the representator reasonably should have known of the statement's falsity, the plaintiff must prove that the representator knew of the statement's falsity." *Levine v. Wyeth Inc.*, 684 F.Supp.2d 1338, 1348 (M.D. Fla. 2010).

Next, Plaintiff alleges that the Ginn Defendants violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) when the Defendants allegedly engaged in unfair, unconscionable, misleading and deceptive conduct. The Ginn Defendants contend that Plaintiff's FDUTPA allegations are vague and cannot withstand Rule 9(b) scrutiny.

A claim under FDUTPA has three elements: (1) A deceptive or unfair practice, (2) causation and (3) actual damages. *Siever v. BWGaskets, Inc.*, 669 F.Supp.2d 1286, 1292 (M.D. Fla. 2009). In order to state a cause of action under FDUTPA, the Plaintiff must allege sufficient facts to show that she or he has actually been aggrieved by the unfair or deceptive act committed by the Defendant in the course of trade or commerce. *Shibata v. Lim*, 133 F.Supp.2d 1311, 1317 (M.D.Fla. 2000). Although the FDUTPA

21

does not require proof of actual fraud, the Plaintiff must prove that the Defendant engaged in unfair or deceptive acts to be entitled to relief. *Id.*

In this case, the Court finds that Plaintiff's state-law fraud-based claims must be dismissed due to the lack of specificity provided within Counts seven, eight, and ten of the Amended Complaint. Plaintiff bases its fraudulent misrepresentation, innocent misrepresentation, and FDUTPA claims against the Ginn Defendants on five alleged misrepresentations: (a) that the lot was worth the price the Plaintiff was paying; (b) that other parties were interested in purchasing the lot to be purchased by the Plaintiff; (c) that the Plaintiff would be able to "flip" the property in question soon after he closed on it; (d) that any investment in the property in question was "safe;" and (e) that certain amenities, such as club houses and equestrian facilities, would be built.

Set forth in this manner, these allegations simply do not satisfy the heightened pleading standards of Rule 9(b). Plaintiff has not indicated who made these representations, or when or where they were made. *See Brooks,* 116 F.3d at 1371. Plaintiff's argument about not having the opportunity to conduct discovery does not release the Plaintiff of his responsibility to plead with particularity. Indeed, "[t]he particularity

requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006).

Generally, pleadings "cannot be based on information and belief." *Hill v. Morehouse Med. Assocs., Inc.*, 2003 WL 22019936, at *3 (11th Cir. 2003). However, the heightened pleading standards of Rule 9(b), "may be applied less stringently . . . when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control'" *Id.* In this case, Plaintiff does not contend that the information is within the defendant's knowledge or control. Moreover, even with a more lenient application of Rule 9(b), Plaintiff's allegations would remain insufficient. The allegations of misrepresentations made to the Plaintiff about Lot 113 are not within the exclusive knowledge or control of the Ginn Defendants. Thus, the Court concludes these state-law fraud-based allegations do not meet the heightened pleading requirements of Rule 9(b) and must be dismissed.

**Conclusion**

In sum, the Court will dismiss the following claims against Ginn Development Company, LLC and Ginn Real Estate Company, LLC: fraudulent misrepresentation (Count seven); innocent misrepresentation

23

(Count eight); RICO (Count nine); FDUTPA (Count ten); and unjust enrichment (Count twelve). The Court will not dismiss the remaining claims.

Accordingly, it is **ORDERED**:

1. The Ginn Development Company, LLC and Ginn Real Estate Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 102) is **GRANTED in part and DENIED in part.** To the extent that, as against Defendant Ginn Development Company, LLC and Ginn Real Estate Company, LLC, the following claims set forth in Plaintiff's Amended Complaint (Dkt. 85) are **DISMISSED WITHOUT PREJUDICE**: ILSA (Count one); fraudulent misrepresentation (Count seven); innocent misrepresentation (Count eight); RICO (Count nine); FDUTPA (Count ten); and unjust enrichment (Count twelve). In all other respects, the Motion is **DENIED.**

2. Plaintiff may amend his Complaint within thirty (30) days to comply with the dictates of this Order.

DONE AND ORDERED this 30 day of September, 2010.

HENRY LEE ADAMS, JR.
United States District Judge

24

Copies to: Counsel of Record

25