# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STEVEN A. BAND,

    Plaintiff,

vs.

THE GINN COMPANIES, LLC,
THE GINN DEVELOPMENT COMPANY, LLC
GINN REAL ESTATE COMPANY, LLC,
SUNTRUST MORTGAGE, INC., and
CAMERON, DAVIS & GONZALEZ,

    Defendants.

Case No. 3:09-cv-792-J-25TEM

Hon. Henry Lee Adams, Jr.

_____

## THE GINN DEFENDANTS' MOTION FOR CONTINUANCE OF HEARING ON PENDING DISCOVERY MOTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendants The Ginn Companies, LLC, Ginn Development Company, LLC, and Ginn Real Estate Company, LLC (collectively, the "Ginn Defendants"), pursuant to Local Rule 3.09, respectfully request this Court to continue the February 3, 2011 hearing on pending discovery motions in this case, stating as follows:

### I.    CONCISE STATEMENT OF RELIEF REQUESTED

1. On January 4, 2011, this Court set for hearing on February 3, 2011 the following motions: (1) Plaintiff's Motion to Compel More Specific Answers to Plaintiff's Interrogatories Dated February 3, 2010 to the Ginn Defendants; (2) Plaintiff's Motion to Compel Deposition of Edward R. "Bobby" Ginn; and (3) the Ginn Defendants' Motion for

Protective Order With Respect to Plaintiff's Request to Take Deposition of Edward R. "Bobby" Ginn. [Dkt. No. 180.]

2. On January 28, 2011, the Ginn Defendants filed their Motion to Dismiss Plaintiff's Third Amended Complaint. [Dkt. No. 189.]

3. The Ginn Defendants' Motion to Dismiss argues that Plaintiff's alleged causes of action under 15 U.S.C. § 78 should be dismissed. See id.

4. "In any private action arising under [15 U.S.C. § 78], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ." 15 U.S.C. § 78u-4(b)(3)(B).

5. Accordingly, discovery and other proceedings in this case, including the February 3, 2011 hearing on pending discovery motions, should be stayed pending resolution of the Ginn Defendants' Motion to Dismiss.

6. Absent such a continuance, the Ginn Defendants would be prejudiced and/or unduly burdened. Moreover, the hearing is not necessary to preserve evidence or to prevent undue prejudice.

7. The Ginn Defendants, therefore, respectfully request this Court to continue the February 3, 2011 hearing pending resolution of the Ginn Defendants' Motion to Dismiss.

## II. MEMORANDUM OF LAW

This Court should grant the Ginn Defendants' Motion for Continuance. Local Rule 3.09 states, "[n]o trial, hearing or other proceeding shall be continued upon stipulation of counsel alone, but a continuance may be allowed by order of the Court for good cause shown." M.D. Fla. L.R. 3.09(a). While "good cause" is not defined under the local rules,

Fed. R. Civ. P. 6(b) allows courts to enlarge the period of time in which certain acts are to be done for "cause shown," and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1165, at 552 (3d ed. 2002).

Here, good cause exists for a continuance of the hearing. First, all discovery and other proceedings in this matter are stayed pending resolution of the Ginn Defendants' Motion to Dismiss, as this case arose under 15 U.S.C. § 78. Specifically, 15 U.S.C. § 78u-4(b)(3)(B) states:

> In any private action arising under [Chapter 2B of the Securities Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Among other claims in the Third Amended Complaint, Plaintiff has brought three federal securities claims against the Ginn Defendants pursuant to 15 U.S.C. § 78, including: (1) selling unregistered securities in violation of 15 U.S.C. § 78(e) (Count II); (2) false representations in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 (Count III); and (3) "Ponzi Scheme" and violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 (Count IV). [See Dkt. No. 174.] Accordingly, this case arises under Chapter 2B of the Securities Exchange Act. See In re CFS-Related Secs. Fraud Litig., 179 F. Supp. 2d 1260, 1263 (N.D. Okla. 2001) (finding that case arose under Chapter 2B of the Act, where plaintiffs had brought claims under the 1934 Securities Act and the state securities act as well as various tort law claims).

Moreover, the Ginn Defendants' Motion to Dismiss contains arguments seeking dismissal of Plaintiff's federal securities claims. [See Dkt. No. 189.] In addition, the hearing is not necessary to preserve evidence or to prevent undue prejudice to any party.

Therefore, all discovery and other proceedings in this matter should be stayed pending resolution of the Ginn Defendants' Motion to Dismiss. See 15 U.S.C. § 78u-4(b)(3)(B); see also In re Spectrum Brands, Inc. Sec. Litig., No. 1:05-cv-02494-WSD, 2007 U.S. Dist. LEXIS 36568 (N.D. Ga. May 18, 2007) ("Discovery in securities fraud cases is, except in rare circumstances, permitted only *after* plaintiffs have met the pleading standards of the statute.").[1]

Such stay should include any hearings on pending discovery motions, such as the February 3, 2011 hearing on Plaintiff's motions to compel and the Ginn Defendants' motion for protective order. See In re CFS-Related Sec. Litig., 179 F. Supp. 2d 1260 (denying plaintiffs' motion to compel discovery responses where discovery was stayed pending resolution of motion to dismiss claims under the 1934 Securities Act).

Finally, the Ginn Defendants do not seek this continuance in bad faith or for purposes of delay, and no party will be prejudiced if the Court grants this continuance.

For the reasons discussed above, the Ginn Defendants have good cause for the requested continuance. The Ginn Defendants do not seek this continuance in bad faith or for purposes of delay, and no party will be prejudiced if the Court grants this continuance. As

---

[1] The statute indicates that the stay continues to operate so long as **any** motion to dismiss is pending. See 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, the stay in this case should remain in place until not only the Ginn Defendants' Motion to dismiss is resolved, but also Defendant SunTrust Mortgage, Inc.'s Motion to Dismiss the Third Amended Complaint [Dkt. No. 189].

2943554 v01

such, this Court should grant the Ginn Defendants' Motion for Continuance of Hearing on Pending Discovery Motions.

### III. CONCLUSION

For the foregoing reasons, the Ginn Defendants respectfully request that this Court grant their Motion for Continuance of Hearing on Pending Discovery Motions.

### LOCAL RULE 3.01(G) CERTIFCATION

Pursuant to Local Rule 3.01(g), Plaintiff's counsel and the Ginn Defendants' counsel have conferred, and the undersigned hereby certifies that Plaintiff opposes the relief requested herein.

[*signature to follow*]

2943554 v01

Respectfully submitted this 31st day of January, 2011.

                **MORRIS, MANNING & MARTIN, LLP**

                /s/ Robert P. Alpert
                Lawrence H. Kunin, Esq.
                Florida Bar No. 050210
                John P. MacNaughton, Esq. - *admitted pro hac vice*
                Robert P. Alpert, Esq. - *admitted pro hac vice*
                W. Marion Wilson, Esq. - *admitted pro hac vice*
                1600 Atlanta Financial Center
                3343 Peachtree Road, N.E.
                Atlanta, Georgia 30326
                Telephone: (404) 233-7000
                Facsimile: (404) 365-9532
                lhk@mmmlaw.com
                jpm@mmmlaw.com
                rpa@mmmlaw.com
                wmw@mmmlaw.com

                ***Attorneys for The Ginn Companies, LLC, Ginn Development Company, LLC, and Ginn Real Estate Company, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 31st day of January, 2011, filed electronically via CM/ECF a true copy of the within and foregoing **THE GINN DEFENDANTS' MOTION FOR CONTINUANCE OF HEARING ON PENDING DISCOVERY MOTIONS AND INCORPORATED MEMORANDUM OF LAW** in the appropriate court of jurisdiction, with notice of same being electronically served by the Court to all attorneys of record.

/s/ Robert P. Alpert
Robert P. Alpert, Esq.

2943554 v01