**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN A. BAND,

      Plaintiff,

vs.                                 CASE NO. 3:09-cv-792-J-25TEM

THE GINN COMPANIES,
LLC, *et al.*,

      Defendants.

_____

# O R D E R

This matter is before the Court on Plaintiff's: (1) motion to compel answers to interrogatories (Doc. #133); (2) motion to compel the deposition of Edward R. "Bobby" Ginn (Doc. #142); and (3) motion for relief from the automatic discovery stay imposed by 15 U.S.C. § 78u-4(b)(3)(B) (Doc. #195). The Ginn Defendants have filed responses in opposition (Docs. #134, #153, and #196). Also pending before the Court is the Ginn Defendants' motion for protective order with respect to Plaintiff's request to take the deposition of Edward R. "Bobby" Ginn (Doc. #152), and the response in opposition thereto (Doc. #154).[1] A hearing on these matters was held before the undersigned on February 3, 2011 (Doc. #192, Minutes).[2]

For the reasons stated herein and on the record at the hearing, Plaintiff's motion for relief from the automatic discovery stay imposed by 15 U.S.C. § 78u-4(b)(3)(B) (Doc. #195)

---

[1]The Ginn Defendants were permitted to file, and have filed, a reply brief (Doc. #158).

[2]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

shall be **DENIED**.  Consequently, the remaining discovery related motions, *supra*, are **MOOT**.

By way of background, on January 31, 2011, the Ginn Defendants filed a motion to continue the hearing scheduled before the undersigned for February 3, 2011, *supra* (Doc. #190).  The relief sought by the Ginn Defendants was premised upon their assertion that discovery should be stayed in this matter pending the resolution of a recently filed motion to dismiss (*see* Doc. #190 at 2-5; *see also* Doc. #189, Motion to Dismiss).  As the hearing scheduled for February 3, 2011 related to motions that were filed prior to Defendants' Motion to Dismiss (*see* Docs. #133, #142, #152), the undersigned, without ruling on the request to stay discovery, denied the motion to continue the hearing (*see* Doc. #191, Order).  At the hearing, the undersigned heard argument as to whether a statutorily imposed stay of discovery is in effect pending the resolution of the Motion to Dismiss (*see* Doc. #192).  In addition, the undersigned permitted the parties to file supplemental briefing regarding the same.  Plaintiff thereafter filed the instant motion for relief from the automatic discovery stay imposed by 15 U.S.C. § 78u-4(b)(3)(B) (Doc. #195).

Plaintiff filed his initial complaint (Doc. #2) in this Court on February 28, 2008.[3]  The complaint asserts various claims under the 1934 Securities Act and various tort claims under Florida law (*see* Doc. #2).  On September 4, 2009, Plaintiff filed an amended complaint (Doc. #85).  Thereafter, on February 3, 2010, Plaintiff served interrogatories and requests for production of documents upon Defendants (Doc. #133 at 3-4).  In response to the aforementioned discovery requests, Defendants objected to certain requests, but

---

[3]This action was transferred to this Court from the Eastern District of Michigan (Doc. #1).

apparently produced other responsive information (*see* Doc. #133 at 4).[4]  On June 7, 2010, Plaintiff moved to compel the deposition of non-party, Mr. Edward R. "Bobby" Ginn (Doc. #142).  On July 1, 2010, Defendants moved for a protective order with respect to Plaintiff's request to take Mr. Ginn's deposition (Doc. #152).

On September 30, 2010, the Court granted in part and denied in part the Ginn Defendants' motion to dismiss the amended complaint (Doc. #163, Order).  In the Order, the Court provided Plaintiff thirty (30) days within which to file a second amended complaint (Doc. #163 at 7).  On October 29, 2010, Plaintiff filed a Second Amended Complaint (Doc. #166).  The Second Amended Complaint was subsequently dismissed by an Order (Doc. #170) granting Defendant SunTrust Mortgage, Inc.'s motion to dismiss (Doc. #120). Thereafter, Plaintiff filed a Third Amended Complaint (Doc. #174).  At present, two (2) motions to dismiss the Third Amended Complaint are pending before the Court (Docs. #177 and #189).[5]

The Ginn Defendants argue that, pursuant to the automatic discovery stay of 15 U.S.C. § 78u-4(b)(3)(B), they cannot now be compelled to respond to Plaintiff's earlier discovery requests, *supra* (Doc. #196).  The undersigned agrees.

15 U.S.C. § 78u-4(b)(3)(B) stays discovery in certain securities litigation during the pendency of any motion to dismiss.  The statute provides as follows:

> In any private action arising under [Chapter 2B of the Securities and Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the

---

[4]Specifically, Defendants objected to Interrogatory #2 as being overly-broad and unduly burdensome.  Interrogatory #2 seeks "the name of the individual(s) or entity(ies), address(es), lot number(s), purchase price and date of said sale for every lot sold in the Hammock beach development [in Flagler County, Florida] from the initial sale [of the subject property] until the present" (Doc. #133 at 4).

[5]Docket Entry #177 is Defendant SunTrust Mortgage, Inc.'s most recent motion to dismiss.

motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Upon review of the Third Amended Complaint (Doc. #174), the undersigned finds this action is a private action that primarily arises under Chapter 2B of the Securities and Exchange Act (the "Act").  Given that there are two (2) pending motions to dismiss claims which arise under the Act, the Court finds that discovery in this case is stayed unless Plaintiff can demonstrate that he satisfies one of the two (2) exceptions enumerated in 15 U.S.C. § 78u-4(b)(3)(B)—*i.e.*, whether particularized discovery is necessary to preserve evidence or to prevent undue prejudice.

Plaintiff has not demonstrated that he meets either of these exceptions.

First, Plaintiff has not demonstrated that additional measures are necessary to preserve evidence in this litigation.[6]  While the Court understands Plaintiff's concern regarding his ability to obtain and preserve evidence, Plaintiff has not demonstrated that a potential loss of evidence is imminent, as opposed to being merely speculative. "Speculative assertions as to the risk of losing evidence are not sufficient to establish undue prejudice within the meaning of § 78u-4(b)(3)(B)."  *In re CFS-Related Securities Fraud Litigation*, 179 F. Supp. 2d. 1260, 1265 (N.D. Okla. 2001) (*citing Novak v. Kasaks*, No. 96-CIV-3073 (AGS), 1996 WL 467534, at *1 (S.D.N.Y. Aug.16, 1996).  Moreover, what Plaintiff seeks by way of Interrogatory #2 is apparently public information that can be obtained from the Flagler County tax assessor's records (*see* Doc. #192).

Second, any prejudice caused by the delay inherent in the statutorily imposed discovery stay "cannot be 'undue' prejudice because it is prejudice which is neither

---

[6]15 U.S.C. § 78u-4(b)(3)(C) provides for the preservation of evidence during the pendency of any stay of discovery pursuant to the statute.

improper nor unfair.  Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence." *In re CFS-Related Securities Fraud Litigation*, 179 F. Supp. 2d. at 1265.

Plaintiff's claim that the discovery stay imposed by 15 U.S.C. § 78u-4(b)(3)(B) only applies to class actions (Doc. #195 at 4) is wholly without merit.  *See Newby v. Enron Corp.*, 338 F.3d 467, 472 (5th Cir. 2003) (finding that, simply because securities litigation reform statutes were enacted to combat abuses in class action securities cases, "[this] does not mean that the remedy Congress chose to curb these abuses would not affect non-class action cases").

Plaintiff's assertion that Defendants have "waived" any right to rely on the subject statute because they previously provided discovery responses (Doc. #195 at 4-5) is unsupported.

Even if Plaintiff was able to establish a need for evidence preservation, or that he would suffer undue prejudice, Plaintiff has not propounded "particularized" discovery requests.  A review of Interrogatory #2 reveals that Plaintiff would require the Ginn Defendants to respond to very broad discovery requests seeking information related to "every lot sold in the Hammock beach development from the initial sale [of the subject property] until the present" (*see* Doc. #133 at 4).  This is not a "particularized" discovery request. *See e.g., In re CFS-Related Securities Fraud Litigation*, 179 F. Supp. 2d. at 1267-68.

Based on the foregoing, it is hereby **ORDERED**:

1.      Plaintiff's motion for relief from the automatic discovery stay imposed by 15 U.S.C. § 78u-4(b)(3)(B) (Doc. #195) is **DENIED**.

2.      All **discovery** in this matter is **STAYED** pending the resolution of the pending motions to dismiss (Doc. #177 and #189).

3.      Plaintiff's motion to compel answers to interrogatories (Doc. #133) and motion to compel deposition of Edward R. "Bobby" Ginn (Doc. #142) are **DENIED as moot**.

4.      The Ginn Defendants' motion for protective order with respect to Plaintiff's request to take the deposition of Edward R. "Bobby" Ginn (Doc. #152) is **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of March, 2011.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge